IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON MCKINLEY; CASE MCKINLEY,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>HONOLULU MARATHON; HONOLULU MARATHON STORE; JAPAN AIRLINES CO. LTD.; JAMES BARAHAL; DICK SUTTON; RICK TANIGUCHI; JEANETTE CHUN; JOHN DOES 1-50,<br><br>　　　　Defendants.<br>_____ | ) CIVIL NO. 13-00651 JMS-KSC<br>)<br>) FINDINGS AND<br>) RECOMMENDATION TO DISMISS<br>) ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATION TO DISMISS ACTION

　　　　On March 3, 2014, the Court held a Rule 16 Scheduling Conference.  Plaintiffs Jason and Case McKinley (collectively "Plaintiffs") failed to appear.  The same day, the Court issued an Order to Show Cause why the case should not be dismissed for failure to appear at the Rule 16 Scheduling Conference and failure to file a scheduling conference statement.  The Court noted that it appeared that Plaintiffs had not served Defendants.  The Court cautioned Plaintiffs that it would recommend that the case be dismissed if

Plaintiffs did not appear at the OSC hearing.

Courts do not take failures to comply with Court orders or failures to prosecute lightly.  Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits.  See id.  To determine whether dismissal is appropriate, the Court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The Local Rules also authorize the imposition of sanctions when a party fails to comply with any provision of the Local Rules.  Local Rule 11.1

("Failure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions, including a fine, dismissal, or other appropriate sanction. Sanctions may be imposed by the court *sua sponte* consistent with applicable law."). Although the Court recognizes that Plaintiffs are proceeding *pro se*, their *pro se* status does not excuse their compliance with all applicable rules. Local Rule 83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

Here, dismissal is appropriate given Plaintiffs' failure to prosecute and failure to comply with a Court order. Plaintiffs failed to serve Defendants, failed to appear at the Rule 16 Scheduling Conference, failed to file a scheduling conference statement, and failed to respond to the OSC or appear at the OSC hearing. The Court, after considering the Pagtalunan factors, finds that they weigh in favor of dismissal.

The public interest in expeditious resolution of this litigation and the Court's interest in managing

the docket strongly weigh in favor of dismissal. <u>Id.</u> (quoting <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted). The Court, not Plaintiffs, should control the pace of the docket. <u>Yourish</u>, 191 F.3d at 990; <u>Pagtalunan</u>, 291 F.3d at 642.

Moreover, Defendants will suffer prejudice if this case continues without service being effected. Plaintiffs' inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the rightful decision of the case. <u>Pagtalunan</u>, 291 F.3d at 642.

Under the present circumstances, the Court believes that less drastic alternatives are not appropriate. The Court issued an OSC and provided Plaintiffs with an opportunity to explain their failures. However, even the threat of dismissal did not compel a response. The Court believes that it would be futile to recommend a sanction other than dismissal because a lesser sanction would not

successfully compel Plaintiffs to prosecute this action.  Notably, Plaintiffs are not strangers to this Court.  They initiated two other actions in this district - one settled (<u>McKinley, et al. v. Boyle, et al.</u>, Civil No. 07-00275 DAE-BMK) and one was dismissed due to Plaintiffs' failure to prosecute (<u>McKinley, et al. v. Wilson, et al.</u>, Civil No. 11-00640 JMS-KSC).  Plaintiffs are therefore aware of the consequences they face if they fail to prosecute and fail to comply with Court orders and applicable rules.  For these reasons, the Court is left with no choice but to dismiss.

     The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

     In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed for failure to serve, failure to prosecute, and failure to comply with a Court order.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, April 1, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 13-00651 JMS-KSC; MCKINLEY, ET AL. V. HONOLULU MARATHON, ET AL.; FINDINGS AND RECOMMENDATION TO DISMISS ACTION